IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-78-D

| | |
|---|---|
| NORTH CAROLINA GREEN PARTY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| NORTH CAROLINA STATE BOARD OF ELECTIONS, ) | |
| ) | |
| Defendant. ) | |

On July 14, 2022, the North Carolina Green Party, Anthony Ndege, Michael Trudeau, Matthew Hoh, Samantha Worrell, Samantha Spence, K. Ryan Parker, and Aaron Mohammed (collectively "plaintiffs") filed suit against the North Carolina State Board of Elections ("defendant") alleging serious First and Fourteenth Amendment violations concerning the North Carolina State Board of Elections's recent decision to deny the North Carolina Green Party and putative candidates Matthew Hoh and Michael Trudeau access to the ballot in the November 2022 general election [D.E. 1]. Plaintiffs seek declaratory and injunctive relief.

"No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live." Burdick v. Takushi, 504 U.S. 428, 441 (1992) (quotation omitted). The First and Fourteenth Amendments protect "the constitutional right of citizens to create and develop new political parties" to "advance[] the constitutional interest of like-minded voters to gather in pursuit of common political ends, thus enlarging the opportunities of all voters to express their own political preferences." Norman v. Reed, 502 U.S. 279, 288 (1992). Plaintiffs allege that the North Carolina State Board of Elections has disregarded the interests of like-minded North Carolina registered voters by denying ballot access

to the North Carolina Green Party and its candidates that have met the statutory requirements. If true, these allegations raise serious concerns about the constitutionality of the North Carolina State Board of Elections's application of North Carolina's ballot-access laws to plaintiffs. Cf. Buscemi v. Bell, 964 F.3d 252, 262–63 (4th Cir. 2020), cert. denied, 141 S. Ct. 1388 (2021); Pisano v. Strach, 743 F.3d 927, 930–37 (4th Cir. 2014).

Plaintiffs ask the court to issue (1) a declaratory judgment that the North Carolina State Board of Elections's failure to certify the North Carolina Green Party as a new political party pursuant to N.C. Gen. Stat. § 163-96(a)(2) is unconstitutional as applied, and (2) an order directing the North Carolina State Board of Elections to certify the North Carolina Green Party as a new political party in time to ensure that the party's candidates appear on the ballot in North Carolina's November 2022 general election and enjoining the application to plaintiffs of the July 1 deadline in N.C. Gen. Stat. § 163-98. See [D.E. 1] ¶ 87. Plaintiffs' complaint includes serious allegations of irregularities involving defendant and various political operatives. See id. ¶¶ 23–72.

Given the immediacy of the issues presented in the complaint, the court will hold a status conference at 8:30 a.m. on Monday, July 18, 2022, in courtroom one of the Terry Sanford Federal Building & United States Courthouse, 310 New Bern Avenue, Raleigh, North Carolina, to determine a schedule for discovery and resolution of this dispute. Plaintiffs' counsel from Washington, D.C., may appear electronically if he desires. The court has a jury trial in a criminal case that will begin at 10:00 a.m. The Clerk shall serve this order on the North Carolina Attorney General and the attorney for the defendant.

SO ORDERED. This 15 day of July, 2022.

JAMES C. DEVER III
United States District Judge

2